### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **ERIC WHITE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **vs.** | ) | |
| | ) | |
| **STAR RESIDENTIAL, LLC** | ) | |
| | ) | **Jury Trial Demand** |
| **Defendant.** | ) | |

### COMPLAINT

Plaintiff, Eric White, brings this Complaint against his former employer, Star Residential, LLC, for violations of the Fair Labor Standards Act and asks the Court to consider the following:

## I.     Introduction

1.

Defendant, Star Residential, LLC, owns and operates a number of residential properties throughout the metro-Atlanta area, including an apartment complex known as Marquis Pointe in Stone Mountain.

2.

Mr. White has been a resident of Marquis Pointe since approximately 2010.

3.

Beginning in approximately 2011, Star Residential employed Mr. White to perform a variety of odd jobs around the apartment complex.

4.

In exchange for his labor, Star Residential provided Mr. White free or reduced rent in lieu of compensation.

5.

Over the past approximately four years, Mr. White has worked approximately 20-25 hours per week for Star Residential.

6.

Even allowing for Star Residential' s withholding of its reasonable costs for Mr. White's housing, Plaintiff has been paid significantly under the minimum wage established by the Fair Labor Standards Act.

## II.    Parties, Jurisdiction, and Venue

7.

Plaintiff, Eric White, is a resident and citizen of the State of Georgia.  Mr. White may be served through the undersigned counsel.

8.

Defendant, Star Residential, LLC, is a Georgia limited liability company.  At all times relevant to this lawsuit, Defendant was Mr. White's employer for

purposes of the Fair Labor Standards Act. Defendant may be served through its registered agent, Emilia Pearson, at 4828 Ashford Dunwoody Road, Suite 400, Atlanta, Georgia, 30338.

9.

At all times relevant to this lawsuit, Defendant was (and remains) an enterprise engaged in commerce and, therefore, subject to the Fair Labor Standards Act.

10.

This case arises under the Fair Labor Standards Act and presents a federal question. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

11.

This Court has personal jurisdiction over Defendant because it is a resident and citizen of the State of Georgia.

12.

Venue is proper in this district (and in the Atlanta Division) because the Defendant is a resident, as defined in 28 U.S.C. § 1391(c), of Fulton County, Georgia, which is in this Court's Atlanta Division.

### III.    Plaintiff's Employment

13.

Star Residential owns and operates, among others, an apartment and town house community in Stone Mountain, Georgia.

14.

Star Residential is an enterprise engaged in commerce or in the production of goods for commerce, as that phrase is defined in 29 U.S.C. § 203(s)(1).

15.

At all times relevant to this lawsuit, Star Residential has generated sales or revenue in excess of $500,000.00 per year.

16.

Since approximately 2011, Mr. White has been employed by Defendant.

17.

During his employment with Defendant, Mr. White worked approximately 25-30 hours per week performing various odd jobs such a janitorial work, landscaping, pressure washing, and other manual labor.

18.

During Mr. White's employment, Defendant never provided him with any compensation or wages whatsoever other than free or reduced housing.

4

19.

The fair market rental value of the housing that Defendant provided to Mr. White was approximately $425.00 per month.  The reasonable costs of the housing that Defendant provided to Mr. White was less than $425.00 per month.

20.

The "wages" that Defendant provided to Mr. White for his labor in the form of housing was considerably less than minimum wage over the last three years.

21.

In December 2014, Defendant terminated Mr. White's employment and initiated notices of its intention to seek a writ of dispossession against Mr. White.

22.

At all times during his employment with Defendant, Mr. White was a non-exempt employee under the Fair Labor Standards Act.

23.

Mr. White performed all tasks assigned to him by Defendant during his employment.

24.

Mr. White never had the authority to hire or fire any employees and never had any subordinate employees report to him.

25.

Defendant willfully and knowingly violated the Fair Labor Standards Act by failing to compensate Mr. White a minimum wage as required in 29 U.S.C. § 206.

**COUNT ONE: FAILURE TO PAY MINIMUM WAGE**

26.

Plaintiff hereby incorporates Paragraphs 1 through 25 of this Complaint as if set forth fully herein.

27.

Defendant failed to pay Plaintiff at least minimum wage during the entire duration of his employment.

28.

While Defendant provided Plaintiff "wages" in the form of free or reduced housing during Plaintiff's employment, those wages (as calculated as Defendant's reasonable costs) were significantly less than minimum wage based on the number of hours that Plaintiff worked.

29.

Defendants' failure to pay Mr. White at least minimum wages constitutes a willful and knowing violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

6

30.

Defendant also failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

31.

Plaintiff is entitled to the recovery of his unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff requests the Court enter the following relief:

A. Grant Plaintiff a jury trial on all claims contained herein;

B. Award Plaintiff damages in amount to be proven at trial for Defendant's willful violation of the FLSA in refusing to compensate Plaintiff minimum wage for the previous three years;

C. Award Plaintiff liquidated damage for Defendants' willful violations of the FLSA;

D. Award Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E. Grant all other and further relief as the Court finds just and proper.

Respectfully submitted this 23rd day of December, 2014.

> s/Logan B. Winkles
> Logan B. Winkles
> Georgia Bar Number 136906
> William E. Cannon, III
> Georgia Bar Number 305130
> CANNON, MIHILL & WINKLES, LLC
> 101 Marietta Street
> Suite 3120
> Atlanta, Georgia 30303
> Telephone: (404) 891-6700
> Fax: (404) 891-6701
> lwinkles@cmw-law.com
> Attorney for Plaintiff