# Exhibit A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into this ____ day of August, 2015 between Star Residential, LLC ("Star Residential") and Eric White ("Plaintiff").

### RECITALS

WHEREAS, Plaintiff filed suit against Star Residential on December 23, 2014 in U.S. District Court for the Northern District of Georgia, in a case captioned *White v. Star Residential, LLC*, Civil Action No. 1:14-cv-4055-LLM ("the Action");

WHEREAS, the parties desire to settle the Action, pending the Court's approval; and

WHEREAS, the Parties jointly seek the Court's approval of this Settlement Agreement;

NOW, THEREFORE, for and in consideration of the mutual covenants, agreements, and undertakings set forth in this Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties, on behalf of themselves, their heirs, representatives, attorneys, insurers, respective officers, directors, shareholders, agents, employees, successors, and assigns, agree as follows:

1. **Settlement Amount.** Star Residential shall pay to Plaintiff the total sum of forty five thousand and 00/100 dollars ($45,000.00) within five days of the Court's approval of this Settlement Agreement.

2. **Apportionment of Settlement Amount.** The Parties agree that the Settlement Amount shall be apportioned as follows:

  a. $15,000.00 shall be apportioned and treated as actual damages pursuant to 28 U.S.C. § 206 for unpaid minimum wages;

  b. $15,000.00 shall be apportioned and treated as liquidated damages pursuant to 28 U.S.C. § 216(b); and

  c. $15,000.00 shall be apportioned and treated as reasonable attorneys' fees pursuant to 28 U.S.C. § 216(b).

  2. **Tax Consequences.** The Parties acknowledge and agree the portion of the Settlement Amount treated as liquidated damages and attorneys' fees shall not be subject to tax withholdings or reporting, except that Star Residential will issue Form 1099s for these amounts. The Parties further agree that the portion of the Settlement Amount treated as actual damages shall also be treated as 1099 wages and no taxes or other amounts shall be withheld by Star Residential.

  3. **Payment of Settlement Amount.** The Settlement Amount shall be delivered to Plaintiff's counsel within five days' of the Court's approval of this Settlement Agreement to the following address:

Cannon, Mihill & Winkles, LLC<br>
101 Marietta Street, NW<br>
Suite 3120<br>
Atlanta, Georgia 30303

If the Settlement Amount is made by check, the check should be made out to "Eric White and his attorneys, Cannon, Mihill & Winkles, LLC." Alternatively, Star Residential may pay the Settlement Amount within five days of the Court's approval of this Settlement Agreement by wire transfer to Cannon, Mihill & Winkles IOLTA Trust Account. Counsel for Plaintiff will provide wiring instruction upon request from Star Residential's counsel.

5. **Dismissal with Prejudice.** Within five (5) days of receipt the Settlement Amount, Plaintiff agrees to dismiss with prejudice the Action in the event the Court has not previously dismissed the Action as part of its approval of the Settlement Agreement. Plaintiff and Defendant agree to work together in good faith to obtain a stipulation of dismissal with prejudice if necessary.

6. **Mutual Releases.** Plaintiff releases Star Residential (including its affiliates, owners, employees, agents and insurers) and Marquis Pointe Apartment Homes from any and all claims, known or unknown, that he has, or may have, against them, including but not limited to claims under any federal, state or local law, rule, regulation, or ordinance and under any public policy, contract, tort, or common law.

Star Residential and Marquis Pointe Apartment Homes releases Plaintiff from any and all claims, known or unknown, that they have, or may have, against him, including but not limited to claims under any federal, state or local law, rule, regulation, or ordinance and under any public policy, contract, tort, or common law.

7. **Court Retains Jurisdiction to Enforce Settlement Agreement.** The Parties agree that the United States District Court for the Northern District of Georgia shall retain jurisdiction to enforce any provision contained in this Settlement Agreement.

8. **Assistance to the Court.** Because this Action arises under the Fair Labor Standards Act, the Parties acknowledge that this Agreement must be approved by the Court. The Parties and their Counsel agree to work together to assist the Court to obtain approval of this Agreement.

9. **Governing Law.** The Parties agree and stipulate that this Agreement shall be governed and determined under the laws of the State of Georgia.

10. **Previous Agreements.** This Agreement shall fully and completely supersede and replace any other Agreement that exists between or among the Parties related to this Action.

11. **Counterparts.** This Agreement may be executed in any number of counterparts, which counterparts considered together shall constitute a single, binding, valid, and enforceable Agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes. Signatures of the parties transmitted by facsimile or by electronic mail as a .pdf file shall be deemed to be their original signatures for all purposes.

[Signatures on Following Page]

IN WITNESS WHEREOF, the parties, intending to be legally bound, have caused this Agreement to be executed.

_____        _____
Eric White                                              Star Residential, LLC
By: Daniel S. Miles

4835-2861-8279, v. 2

IN WITNESS WHEREOF, the parties, intending to be legally bound, have caused this Agreement to be executed.

_____  
Eric White

Star Residential, LLC  
By: _____

4834-4566-4294, v. 1